UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Juan M., | File No. 26-cv-266 (ECT/JFD) |
| Petitioner, | |
| v. | **OPINION AND ORDER** |
| Pamela Bondi, *U.S. Attorney General*; Kristi Noem, *U.S. Department of Homeland Security, Secretary*; Todd M. Lyons, *U.S. Immigration & Customs Enforcement, Acting Director*; and David Easterwood, *Acting Director, U.S. Immigration and Customs Enforcement, St. Paul Field Office*, | |
| Respondents. | |

Isabelle Plunkett, Roseville, MN, for Petitioner Juan Antonio Carmona Martinez.

Ana H. Voss,[1] United States Attorney's Office, Minneapolis, MN, for Respondents Pamela Bondi, Kristi Noem, Todd M. Lyons, and David Easterwood.

Petitioner Juan M. has filed a Verified Petition for Writ of Habeas Corpus ("Petition" or "Pet.") [ECF No. 1]. Juan is a Mexican citizen who entered the United States on a B-2 visitor visa in 2016 when he was eleven years old, and he has remained in the United States with his family since that time. Pet. ¶ 2; *see also* ECF No. 1-1. "In 2022, Juan's mother filed Form I-918, Petition for U Nonimmigrant status (hereinafter 'U-visa') for her and her children having been victims of a crime." *Id.* ¶ 2. "In November of 2024,

---

[1] The Government's response in this matter was signed by Matthew Ishihara on behalf of the United States Attorney's Office. *See* ECF No. 4. Mr. Ishihara has not filed a notice of appearance in this case.

USCIS granted Juan a bona fide determination ('BFD') and issued him an employment authorization document, formally placing Juan in deferred-action status while his U-visa awaits adjudication." *Id.* ¶ 3; ECF No. 1-2 (notice of Juan's "employment authorization document and grant of deferred action [that] are valid for a period of four years"); ECF No. 1-3 (Approval Notice of employment authorization). On January 13, 2025, Juan "was suddenly stopped by several unmarked vehicles while he was driving to work." *Id.* ¶ 6. "Despite showing the ICE agents his deferred action from USCIS and valid U-visa based work permit, the agents chose to arrest him." *Id.* "Respondents did not provide to Petitioner nor his counsel, nor have they yet provided, any written custody determination, any verbal or written explanation for his detention, or a Notice to Appear (NTA) placing him into removal proceedings pursuant to 8 U.S.C. § 1226(a)." *Id.* at 7. Juan's "last known whereabouts were at the ICE office in Fort Snelling, Minnesota, late in the evening on January 13, 2026." *Id.* ¶ 10. Juan maintains that his detention violates his Fifth Amendment rights to substantive and procedural due process. *See id.* ¶¶ 57–65. Juan asserts that deferred action status entitles him to immediate release. *See id.* at 16. He does not seek a bond hearing under 8 U.S.C. § 1226(a). *See generally* Pet.

Respondents filed a one-paragraph response to Juan's Petition, stating:

> Petitioner filed this petition for a writ of habeas corpus to secure a release or a bond hearing in connection with Petitioner's detention by the U.S. Immigration and Customs Enforcement. This petition raises legal and factual issues similar to those in prior habeas petitions this Court has decided. Those issues are currently before the Eighth Circuit on expedited review in *Avila v. Bondi*, No. 25-3248 (8th Cir. docketed Nov. 10, 2025). For purposes of expediting these proceedings, the Federal Respondents, Kristi Noem, Todd

> Lyons, and David Easterwood, assert all arguments raised by the government in *Avila*, preserve those arguments for any appeal in this case, and respectfully request that the Court deny Petitioner's habeas petition.

ECF No. 4 at 1. But *Avila* is inapposite. *See Avila v. Bondi*, No. 25-cv-3741 (JRT/SGE), 2025 WL 2976539 (D. Minn. Oct. 21, 2025). That case considered a petitioner's entitlement to a bond hearing under the legal framework of U.S.C. §§ 1225 and 1226, and the petitioner there did not assert that he was under deferred action when he was taken into custody. *See id.* at *5 (stating that "[h]ere, Petitioner has lived in the country for years without seeking any lawful immigration status, such as naturalization, asylum, refugee designation, permanent residency, or a visa").

Respondents did not respond to Juan's arguments about deferred action, *see* ECF No. 4, meaning Respondents waived any challenge to these arguments. *See Doe v. Mayorkas*, No. 22-cv-752 (ECT/DTS), 2022 WL 4450272, at *2 (D. Minn. Sep. 23, 2022) (citing *Espey v. Nationstar Mortg., LLC*, No. 13-cv-2979 (ADM/JSM), 2014 WL 2818657, at *11 (D. Minn. June 19, 2014) (collecting cases)).

## ORDER

Accordingly, based on the foregoing, and on all the files, records, and proceedings herein, **IT IS ORDERED THAT**:

1.     Petitioner Juan M.'s Verified Petition for Writ of Habeas Corpus [ECF No. 1] is **GRANTED**.

2. Respondents shall release Petitioner from custody immediately, but no later than within 48 hours of this Order.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: January 17, 2026, at 4:58 p.m.  s/ Eric C. Tostrud
                 Eric C. Tostrud
                 United States District Court